**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES E. WILLIAMSON,

          Petitioner - Appellant,

v.

WALTER DINWIDDIE,

          Respondent - Appellee.

No. 09-7067
(E.D. Oklahoma)
(D.C. No. 6:06-CV-00184-RAW-KEW)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

---

This matter is before the court on Charlie Williamson's pro se requests for

a certificate of appealability ("COA") and to proceed on appeal *in forma*

*pauperis*. Williamson seeks a COA so he can appeal the district court's denial of

his 28 U.S.C. § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). We **grant**

Williamson's request to proceed on appeal *in forma pauperis*. Because he has

not, however, "made a substantial showing of the denial of a constitutional right,"

*id.* § 2253(c)(2), this court **denies** Williamson's request for a COA and **dismisses**

this appeal.

A jury convicted Williamson in Oklahoma state court on one count of

Endeavoring to Manufacture Methamphetamine. Pursuant to the jury's

recommendation, the state trial court sentenced Williamson to thirty-years' imprisonment. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Williamson's conviction and sentence in an unpublished summary opinion. *Williamson v. State*, No. F-2004-172 (Okla. Crim. App. Apr. 20, 2005). Williamson then filed the instant § 2254 petition in federal district court, raising the same five grounds for relief he raised on direct appeal to the OCCA. The matter was referred to a federal magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). In a comprehensive Report and Recommendation, the magistrate judge analyzed each ground for relief set out in Williamson's § 2254 habeas petition and recommended that the district court deny habeas relief. The district court adopted the Report and Recommendation and denied Williamson's petition.

The granting of a COA is a jurisdictional prerequisite to Williamson's appeal from the dismissal of his § 2255 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Williamson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Williamson has satisfied his burden, this court

-2-

undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Williamson need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Williamson's appellate filings, the district court's Order, the magistrate judge's well-stated Report and Recommendation, and the entire record before this court, we conclude Williamson is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out in the magistrate judge's Report and Recommendation. Accordingly, this court **DENIES** Williamson's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-